UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

COVENANT TOMATO SALES, INC.,

           Plaintiff,

vs.                                  Case No. 2:10-cv-337-FtM-29DNF

JAMES L. SUTTLES d/b/a NATURE
QUALITY VINE RIPE TOMATOES,

           Defendant.
_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on Plaintiff's Motion for Issuance of Preliminary Injunction. (Doc. #6.) The Court entered a Temporary Restraining Order (Doc. #10) on May 28, 2010, and extended that restraining order by an Order (Doc. #18) filed on June 7, 2010. The Court heard oral argument of counsel on June 16, 2010.

Plaintiff's Complaint (Doc. #1) alleges five counts pursuant to the Perishable Agricultural Commodities Act (PACA) and one breach of contract count. In brief, plaintiff Covenant Tomato Sales, Inc. (plaintiff or Covenant Tomato) alleges that it sold tomatoes to defendant James Suttles, d/b/a Nature Quality Vine Ripe Tomatoes (defendant or Suttles) for $238,181.35, that Suttles received the tomatoes, and thus became trustee of the PACA trust for the benefit of plaintiff, and that Suttles failed to pay for the tomatoes. Plaintiff seeks a preliminary injunction to enforce the statutory trust in accordance with PACA.

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. SunTrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

Defendant argues that plaintiff has failed to meet its burden as to the first three requirements. Defendant argues that the record establishes that he was actually a co-seller or joint venturer with plaintiff in selling the tomatoes, not a buyer of the tomatoes. The Court disagrees, and finds that the record, at this stage of the proceedings, establishes that defendant was the buyer of the tomatoes and that he in turn sold the tomatoes to Danny Jones. The Affidavit of Michael Sammons (Doc. #3) states that

Covenant Tomato sold Suttles Vine Ripe tomatoes, and the various invoices are billed to Suttles' company, Nature Quality Vine Ripe. While the parties agreed that Suttles would pay a set amount plus an additional amount determined by his profit, the evidence does not establish that this makes Suttles a co-seller or joint venturer with plaintiff. The Court therefore concludes that PACA applies in this case, and that plaintiff has established a substantial likelihood of succeeding on the merits.

Defendant also argues that there is not a substantial threat of irreparable injury if relief is denied because defendant is financially able to pay the bill, however, no amount is due because defendant is a co-seller. As stated above, the Court has already found that the evidence does not undermine plaintiff's claim that defendant was a buyer. Additionally, there is no evidence that defendant is financially able to pay the invoices, and it is undisputed that he has not done so.

Finally, defendant argues that injury to himself if the injunction is granted is greater than injury to plaintiff if the injunction is denied. The evidence does not support this claim, particularly given the clear trust obligations imposed by PACA.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Issuance of Preliminary Injunction (Doc. #6) is **GRANTED**. The preliminary injunction will enter by separate order.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of June, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record