```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION

COVENANT TOMATO SALES, INC.,

             Plaintiff,

vs.                                   Case No.  2:10-cv-337-FtM-29DNF

JAMES   L.   SUTTLES  d/b/a   NATURE
QUALITY VINE RIPE TOMATOES,

             Defendant.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion and Memorandum in Support of Summary Judgment Against Defendant (Doc. #65) filed on February 7, 2011.  Defendant filed a Response (Doc. #71) on April 12, 2011.  With leave of Court, Plaintiff filed a Reply (Doc. #74) on April 14, 2011, and Defendant filed a Sur-Reply (Doc. #78) on May 10, 2011.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted).  A fact is "material" if it may affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. Am.'s Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic

facts, but disagree about the factual inferences that should be drawn from these facts")). "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1315 (11th Cir. 2007).

## II.

On or about May 27, 2010, Plaintiff Covenant Tomato Sales, Inc. (Covenant Tomato) filed a six-count complaint (Doc. #1) and a Motion for Preliminary Injunction (Doc. #6) against Defendant James Suttles (Suttles), d/b/a Nature Quality Vine Ripe Tomatoes (Nature Quality) asserting a violation of the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499a, *et seq*. The Complaint requested a Court order: declaring that Covenant Tomato has a valid PACA claim in the amount of $238,181.35 plus interest (Count I); directing Suttles to immediately pay the amount owed plus interest, costs, and attorney fees (Counts II and IV); and directing Suttles to maintain, replenish, and enjoin from dissipating a PACA trust in the amount owed (Count III). Covenant Tomato also asserts a breach of contract claim against Suttles for failure to pay (Count V)[1]. (Doc. #1, pp. 3-6.)

---

[1] In its Reply, Covenant Tomato states that it does not seek to pursue Count VI of its Complaint (Doc. #74, p. 2 n.1), therefore Count VI will be dismissed without prejudice.

In a June 16, 2010 Opinion and Order (Doc. #22) the Court granted plaintiff's Motion for Preliminary Injunction and issued a Preliminary Injunction (Doc. #23) the same day. Following Defendant's Emergency Motion to Dissolve Preliminary Injunction and Request for Evidentiary Hearing (Doc. #28), this Court held an evidentiary hearing on July 16, 2010. (Doc. #45.) The evidentiary hearing was essentially a mini-trial of the case, and the Court heard testimony from Sammons, Suttles, and Danny Jones (Jones), the ultimate buyer of the tomatoes in question. Both sides also presented various written documents as exhibits. In a July 22, 2011 Opinion and Order (Doc. #48), the Court found that there was a substantial likelihood that Covenant Tomato would succeed on the merits of its PACA claim, stating that, "while the testimony was conflicting, both the contemporaneously created documents and the conduct of the parties support plaintiff's view that there was a seller-buyer relationship with a creative pricing formula, not a joint-venture type relationship." (Id. at p. 7.)

In its motion for summary judgment, Covenant Tomato argues that there are no questions of fact, thus, the Court should grant summary judgment as to all of its claims as well as grant it discretionary prejudgment interest. (Doc. #65.) In Response, Suttles states that he is willing to consent to a Judgment against him in the amount of $235,367.12. (Doc. #71.) Covenant Tomato objects to the entry of judgment because it would provide

inadequate relief because it would not protect Covenant Tomato's rights and protections as a PACA trust beneficiary. (Doc. #74, p. 2.)

### III.

There were disputed issues of material fact at the hearing on the preliminary injunction, and there is no indication that the facts are now undisputed. The Court is not at liberty to simply re-adopt its factual determinations of disputed facts from the preliminary injunction hearing, and thereby effectively preclude any challenge to issuance of summary judgment. Thus, the summary judgment motion must be denied.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion and Memorandum in Support of Summary Judgment Against Defendant (Doc. #65) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of June, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record